# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAMP'S ENTERPRISES, L.L.C.** | **CIVIL ACTION NO. 14-2501** |
| | **SECTION "E" (1)** |
| **versus** | **JUDGE MORGAN** |
| **HEAVY MACHINES, INC., et al.** | **MAGISTRATE JUDGE SHUSHAN** |

## ANSWER TO AMENDED COMPLAINT

Defendant, Liebherr Mining & Construction Equipment, Inc., d/b/a Liebherr Construction Equipment Co. ["Liebherr"], answers the Amended Complaint of Plaintiff, Hamp's Enterprises, L.L.C. ["Hamp's"], and represents as follows:

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Hamp's has failed to mitigate, minimize, and/or otherwise avoid any losses or damages allegedly sustained by it, if any, and any judgment rendered herein against Liebherr, which is denied, must be reduced based upon such failures to mitigate, minimize, and/or otherwise avoid any losses or damages.

### Third Affirmative Defense

Hamp's claims are barred, in whole or in part, by all applicable prescriptive and/or peremptive periods; all applicable statutes of limitation; and the doctrines of laches, waiver, estoppel, and unclean hands.

### Fourth Affirmative Defense

Liebherr pleads the fault of others, whether named or unnamed, and whether known or unknown, for whom Liebherr can have no legal liability, which fault acts as a bar to, or in diminution of, any recovery. Hamp's alleged injuries or damages, which are expressly denied, were caused by its own fault and/or the fault of third parties for whom Liebherr is not liable and over whom Liebherr had no control or right of control.

### Fifth Affirmative Defense

Liebherr pleads the doctrine of comparative fault.

### Sixth Affirmative Defense

Hamp's alleged damages, if any, were caused, in whole or in part, by its own errors, acts, decisions, omissions, assumption of the risk, breach of contract, and/or fault, all of which operate to completely bar recovery against Liebherr or, alternatively, to reduce any recovery against Liebherr.

### Seventh Affirmative Defense

Hamp's claims are barred because any alleged problem with the equipment identified in Hamp's Amended Complaint resulted from the improper use of the equipment by Hamp's and/or others over which Liebherr exercised no control and had no right of control.

### Eighth Affirmative Defense

Liebherr asserts the defense of unforeseeable misuse of the equipment by Hamp's and/or others.

### Ninth Affirmative Defense

Hamp's failure to properly maintain and/or care for the equipment at issue was the cause, in whole or in part, of Hamp's alleged damages, if any.

**Tenth Affirmative Defense**

Hamp's misuse and/or lack of proper and prescribed maintenance of the equipment at issue was the cause, in whole or in part, of Hamp's alleged damages, if any.

**Eleventh Affirmative Defense**

Alteration and/or modification of the equipment at issue, for which Liebherr is not responsible, was the cause, in whole or in part, of Hamp's alleged damages, if any.

**Twelfth Affirmative Defense**

Hamp's alleged damages, if any, were caused, or aggravated by, preceding, superseding, independent, and/or intervening causes, for which Liebherr is not responsible in whole or in part, and such causes operate to bar recovery completely against Liebherr or, alternatively, to reduce any recovery against Liebherr.

**Thirteenth Affirmative Defense**

Liebherr did not owe any duty to Hamp's. Alternatively, Liebherr owed no duty beyond any duties arising from the applicable warranty documents and did not breach any duty owed to Hamp's. In the further alternative, any breach of any duty owed by Liebherr, which is denied, was neither the actual nor the proximate cause of the injuries and damages alleged in the Amended Complaint.

**Fourteenth Affirmative Defense**

Liebherr owes Hamp's no duty of repair or maintenance with respect to the equipment identified in Hamp's Amended Complaint and, in the alternative, Liebherr has carried out all necessary repairs and maintenance on the equipment and has maintained it in proper working condition.

### Fifteenth Affirmative Defense

Liebherr asserts that Hamp's lacks standing to bring the claims asserted in the Amended Complaint.

### Sixteenth Affirmative Defense

In the alternative, Liebherr asserts that Hamp's is barred from recovery because it lacks contractual privity with Liebherr.

### Seventeenth Affirmative Defense

Liebherr is free of any and all fault and/or liability, whether in contract, tort, or otherwise.

### Eighteenth Affirmative Defense

Liebherr, at all times, complied with all relevant warranty and/or contractual provisions and all applicable laws, regulations, and standards.

### Nineteenth Affirmative Defense

Hamp's has no claim against Liebherr to the extent Hamp's has subrogated all or part of its claims to others.

### Twentieth Affirmative Defense

Hamp's recovery against Liebherr, which is denied, is limited by any recovery that Hamp's has received from any collateral source.

### Twenty-first Affirmative Defense

Liebherr asserts all rights to indemnity and/or contribution against all other parties, whether named or unnamed.

### Twenty-second Affirmative Defense

In the event of any judgment against Liebherr, which is denied, Liebherr is entitled to full settlement, indemnification, and/or contribution from any other party or non-party whose acts,

omissions, and/or fault caused and/or contributed to the injuries and/or damages made subject of this litigation.

<b><u>Twenty-third Affirmative Defense</u></b>

Liebherr asserts the defense and right of setoff. Without limitation, Liebherr asserts the right to set off any and all damages it has incurred due to Hamp's fault against any liability to Hamp's, which liability is expressly denied.

<b><u>Twenty-fourth Affirmative Defense</u></b>

If, after a trial on the merits, any fault is apportioned to Liebherr, which fault is denied, Liebherr affirmatively asserts its right to a setoff and/or credit for any settlements made by Hamp's with respect to any damages or losses it allegedly has incurred in this matter.

<b><u>Twenty-fifth Affirmative Defense</u></b>

The claims asserted in Hamp's Amended Complaint, including, without limitation, any claims asserted under Louisiana's law of redhibition and/or products liability, are without basis because the claims are based on implied-in-law warranties that Hamp's contractually agreed to exclude by purchasing and/or leasing and taking delivery of the equipment at issue subject to express written warranties. In particular, but without limitation, the Standard Warranty Certificate, the Emission Control Warranty Statement, and the Extended Warranty Certificate – Powertrain Plus (Excavators and Material Handlers Only), which were delivered to Hamp's in connection with the equipment at issue, all state, in pertinent part:

> IN NO EVENT SHALL LIEBHERR, ITS COMPONENT SUPPLIERS NOR THE SELLING DEALER BE LIABLE FOR ANY DELAY, WORK STOPPAGE, LOSS OF USE OF EQUIPMENT, LOSS OF TIME, INCONVENIENCE, LOSS OF PROFITS, OR ANY INDIRECT, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ATTRIBUTABLE TO, DEFECTS IN LIEBHERR PRODUCTS OR SERVICE, WHETHER RESULTING FROM NEGLIGENCE (INCLUDING GROSS NEGLIGENCE) OR OTHER TORT WARRANTY, CONTRACT,

5

INDEMNITY, BREACH OF THE PROMISE TO REPAIR OR REPLACE CONTAINED HEREIN, STRICT LIABILITY OR OTHERWISE.

IN ADDITION, LIEBHERR, ITS COMPONENT SUPPLIERS AND THE SELLING DEALER SHALL NOT BE LIABLE IN TORT OR STRICT LIABILITY FOR ANY ECONOMIC LOSS RESULTING, IN WHOLE OR IN PART, FROM THE MANUFACTURE OR SUPPLY OF THE PRODUCT, PARTS, COMPONENTS AND/OR LABOR.

NOTWITHSTANDING ANYTHING IN THIS WARRANTY TO THE CONTRARY, THE MAXIMUM LIABILITY, IF ANY, OF LIEBHERR, ITS COMPONENT SUPPLIERS AND THE SELLING DEALER FOR ALL DIRECT DAMAGES SHALL NOT EXCEED THE PRICE OF THE PARTICULAR DEFECTIVE PRODUCT, PART OR SERVICE, AS APPLICABLE.

THE STANDARD WARRANTY, THE EMISSION CONTROL WARRANTIES, AND THE EXTENDED LIMITED MACHINE AND POWERTRAIN WARRANTIES, IF APPLICABLE, ARE THE ONLY WARRANTIES APPLICABLE TO LIEBHERR PRODUCTS AND COMPONENTS USED IN LIEBHERR PRODUCTS AND ARE EXPRESSLY IN LIEU OF ANY WARRANTIES OR CONDITIONS OTHERWISE IMPLIED BY LAW (INCLUDING ANY WARRANTY OTHERWISE IMPLIED BY LAW FOR THE PRODUCT BY THE MANUFACTURER OR ITS COMPONENT SUPPLIERS), INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND IS NOT A WARRANTY OF FUTURE PERFORMANCE.

THE REMEDIES UNDER THIS WARRANTY SHALL BE THE ONLY REMEDIES AVAILABLE TO THE OWNER OF LIEBHERR PRODUCTS OR ANY OTHER PERSON, AND NEITHER LIEBHERR NOR THE SELLING DEALER ASSUMES ANY OTHER OBLIGATION OR RESPONSIBILITY WITH RESPECT TO THE CONDITION OF LIEBHERR PRODUCTS, AND AUTHORIZES NO OTHER PERSON TO ASSUME FOR ANY OF THEM, ANY OTHER OBLIGATION OR LIABILITY.

### Twenty-sixth Affirmative Defense

In the alternative, if the foregoing warranties are held not to be applicable, which is denied, Hamp's cannot satisfy the legal requirements for obtaining relief based on the claims asserted in the Amended Complaint, including, without limitation, any claims asserted under Louisiana's law of redhibition and products liability.

## Twenty-seventh Affirmative Defense

Hamp's fails to satisfy all the requisite elements of a redhibition claim or a claim that a product is not fit for its ordinary use. *See* LA. CIV. CODE arts. 2520 *et seq.* In particular, but without limitation, there is no defect in the equipment at issue. *See* LA. CIV. CODE art. 2520.

## Twenty-eighth Affirmative Defense

In the alternative, but without limitation, if there is a defect in the equipment at issue, which is denied, the defect does not render the equipment useless or its use so inconvenient that it must be presumed that a buyer would not have bought the equipment had it known of the defect. *See id.* In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the defect does not diminish the usefulness or value of the equipment so that it must be presumed that a buyer still would have bought it but for a lesser price. *See id.*

## Twenty-ninth Affirmative Defense

In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the defect was known to the buyer at the time of the sale. *See* LA. CIV. CODE art. 2521. In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the defect should have been discovered by a reasonably prudent buyer of such equipment. *See id.*

## Thirtieth Affirmative Defense

In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the buyer failed to give the seller notice of the existence of a redhibitory defect in the equipment sold; and the seller did not have actual or constructive knowledge of the existence of a redhibitory defect in the equipment. *See* LA. CIV. CODE arts. 2522, 2531. In the

further alternative, but without limitation, any notice provided by the buyer, which is denied, was not sufficiently timely as to allow the seller the opportunity to make the required repairs. *See* LA. CIV. CODE art. 2522. Moreover, and without limitation, any defect, which is denied, could have been repaired, and the repairs would have been less burdensome, if the seller had received timely notice. *See id.*

### Thirty-first Affirmative Defense

In the further alternative, but without limitation, the equipment at issue is reasonably fit for its ordinary use. *See* LA. CIV. CODE art. 2524. In the further alternative, but without limitation, the seller did not have reason to know the particular use the buyer intended for the equipment, which particular use is denied, or the buyer's particular purpose for buying the equipment, which particular purpose is also denied. *See id.* Moreover, and without limitation, the seller did not have reason to know that the buyer was relying on the seller's skill or judgment in selecting the equipment, which reliance is denied. *See id.* In the further alternative, but without limitation, the equipment sold is fit for the buyer's intended use and/or particular purpose, which intended use and/or particular purpose are denied. *See id.*

### Thirty-second Affirmative Defense

In the further alternative, but without limitation, the equipment delivered by the seller is of the kind or quality specified in the contract and/or represented by the seller, which contractual specification and/or representation by the seller are both denied. *See* LA. CIV. CODE art. 2529.

### Thirty-third Affirmative Defense

In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the defect did not exist at the time of delivery of the equipment. *See* LA. CIV.

CODE art. 2530. In the further alternative, but without limitation, any defect, which is denied, did not appear within three days from delivery of the equipment. *See id.*

### Thirty-fourth Affirmative Defense

In the further alternative, but without limitation, if there is a defect in the equipment, which is denied, the seller did not know that the equipment that the seller sold had a defect. *See* LA. CIV. CODE art. 2531. Additionally, and without limitation, the seller has already repaired, remedied, and/or corrected any defect, which is denied. *See id.* Moreover, in the further alternative, but without limitation, the buyer has no right to recover the price or interest thereon, any reasonable expenses occasioned by the sale, or any expenses incurred for preservation of the equipment, all of which are denied. *See id.* Further, and without limitation, the buyer made use of the equipment and obtained fruits therefrom, which use and fruits were of value to the buyer and operate to defeat and/or diminish any recovery by Hamp's, which recovery is denied. *See id.*

### Thirty-fifth Affirmative Defense

In the further alternative, but without limitation, the buyer has failed to take care of the equipment at issue as a prudent administrator. *See* LA. CIV. CODE art. 2532.

### Thirty-sixth Affirmative Defense

In the further alternative, but without limitation, the seller's liability, if any, which is denied, is divisible. Moreover, and without limitation, the seller's warranty, which is denied, is only owed in proportion to its interest. *See* LA. CIV. CODE art. 2538.

### Thirty-seventh Affirmative Defense

In the further alternative, but without limitation, the seller did not declare that the equipment has a quality the seller knows the equipment does not have. *See* LA. CIV. CODE art. 2545. Moreover, in the further alternative, but without limitation, the buyer has no right to

recover the price or interest thereon, any reasonable expenses occasioned by the sale, any expenses incurred for preservation of the equipment, any damages, or any reasonable attorney fees, all of which are denied. *See id.* Further, and without limitation, the buyer made use of the equipment and obtained fruits therefrom, which use and fruits were of value to the buyer and operate to defeat and/or diminish any recovery by Hamp's, which recovery is denied. *See id.*

### Thirty-eighth Affirmative Defense

In the further alternative, but without limitation, the parties agreed to an exclusion and/or limitation of the warranty against redhibitory defects, which operates to defeat and/or diminish any recovery by Hamp's, which recovery is denied. *See* LA. CIV. CODE art. 2548. The terms of the exclusion and/or limitation are clear and unambiguous and have been brought to the attention of the buyer. *See id.* In particular, but without limitation, the Standard Warranty Certificate, the Emission Control Warranty Statement, and the Extended Warranty Certificate – Powertrain Plus (Excavators and Material Handlers Only), which were delivered to Hamp's in connection with its purchase and/or leasing of equipment at issue, all state, in pertinent part:

> IN NO EVENT SHALL LIEBHERR, ITS COMPONENT SUPPLIERS NOR THE SELLING DEALER BE LIABLE FOR ANY DELAY, WORK STOPPAGE, LOSS OF USE OF EQUIPMENT, LOSS OF TIME, INCONVENIENCE, LOSS OF PROFITS, OR ANY INDIRECT, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ATTRIBUTABLE TO, DEFECTS IN LIEBHERR PRODUCTS OR SERVICE, WHETHER RESULTING FROM NEGLIGENCE (INCLUDING GROSS NEGLIGENCE) OR OTHER TORT WARRANTY, CONTRACT, INDEMNITY, BREACH OF THE PROMISE TO REPAIR OR REPLACE CONTAINED HEREIN, STRICT LIABILITY OR OTHERWISE.
> IN ADDITION, LIEBHERR, ITS COMPONENT SUPPLIERS AND THE SELLING DEALER SHALL NOT BE LIABLE IN TORT OR STRICT LIABILITY FOR ANY ECONOMIC LOSS RESULTING, IN WHOLE OR IN PART, FROM THE MANUFACTURE OR SUPPLY OF THE PRODUCT, PARTS, COMPONENTS AND/OR LABOR.
>
> NOTWITHSTANDING ANYTHING IN THIS WARRANTY TO THE CONTRARY, THE MAXIMUM LIABILITY, IF ANY, OF LIEBHERR, ITS

COMPONENT SUPPLIERS AND THE SELLING DEALER FOR ALL DIRECT DAMAGES SHALL NOT EXCEED THE PRICE OF THE PARTICULAR DEFECTIVE PRODUCT, PART OR SERVICE, AS APPLICABLE.

THE STANDARD WARRANTY, THE EMISSION CONTROL WARRANTIES, AND THE EXTENDED LIMITED MACHINE AND POWERTRAIN WARRANTIES, IF APPLICABLE, ARE THE ONLY WARRANTIES APPLICABLE TO LIEBHERR PRODUCTS AND COMPONENTS USED IN LIEBHERR PRODUCTS AND ARE EXPRESSLY IN LIEU OF ANY WARRANTIES OR CONDITIONS OTHERWISE IMPLIED BY LAW (INCLUDING ANY WARRANTY OTHERWISE IMPLIED BY LAW FOR THE PRODUCT BY THE MANUFACTURER OR ITS COMPONENT SUPPLIERS), INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND IS NOT A WARRANTY OF FUTURE PERFORMANCE.

THE REMEDIES UNDER THIS WARRANTY SHALL BE THE ONLY REMEDIES AVAILABLE TO THE OWNER OF LIEBHERR PRODUCTS OR ANY OTHER PERSON, AND NEITHER LIEBHERR NOR THE SELLING DEALER ASSUMES ANY OTHER OBLIGATION OR RESPONSIBILITY WITH RESPECT TO THE CONDITION OF LIEBHERR PRODUCTS, AND AUTHORIZES NO OTHER PERSON TO ASSUME FOR ANY OF THEM, ANY OTHER OBLIGATION OR LIABILITY.

### Thirty-ninth Affirmative Defense

Hamp's fails to satisfy all the requisite elements of a claim under the Louisiana Products Liability Act ("LPLA").  *See* LA. REV. STAT. §§ 9:2800.51 *et seq.*  In particular, but without limitation, the equipment at issue did not cause any "damage" to Hamp's as that term is used in the LPLA, and Liebherr is not at "fault" within the meaning of Article 2315 of the Louisiana Civil Code.  *See* LA. REV. STAT. §§ 9:2800.52-2800.53.

### Fortieth Affirmative Defense

In the further alternative, but without limitation, any damage incurred by Hamp's, which is denied, was not proximately caused by any characteristic of the equipment that renders it unreasonably dangerous, which characteristic is denied.  *See* LA. REV. STAT. § 9:2800.54(A).  In

the further alternative, but without limitation, any damage, which is denied, arose from uses of the equipment by Hamp's and/or other persons that Liebherr could not have reasonably anticipated. *See id.*

### Forty-first Affirmative Defense

In the further alternative, but without limitation, the equipment is not "unreasonably dangerous" as that term is used in the LPLA. *See* LA. REV. STAT. § 9:2800.54(B).

### Forty-second Affirmative Defense

In the further alternative, but without limitation, the equipment is not unreasonably dangerous in construction or composition because the equipment does not deviate in a material way from the manufacturer's specifications or performance standards for the equipment or from otherwise identical equipment manufactured by the same manufacturer. *See* LA. REV. STAT. §§ 9:2800.54(B)(1), 9:2800.55. In the further alternative, but without limitation, if the equipment is unreasonably dangerous in construction or composition, which is denied, any characteristic of the equipment that renders it unreasonably dangerous, which characteristic is also denied, did not exist at the time the equipment left the control of its manufacturer. *See* LA. REV. STAT. §§ 9:2800.54(C), 9:2800.55.

### Forty-third Affirmative Defense

In the further alternative, but without limitation, the equipment is not unreasonably dangerous in design because, at the time the equipment left the manufacturer's control, there did not exist an alternative design for the equipment that was capable of preventing Hamp's damage, which is denied; and the likelihood that the equipment's design would cause Hamp's damage, which is denied, and the gravity of that damage did not outweigh the burden on the manufacturer of adopting an alternative design and the adverse effect, if any, of such alternative design on the

utility of the equipment.  *See* LA. REV. STAT. §§ 9:2800.54(B)(2), 9:2800.56.  Additionally, and without limitation, the manufacturer has used reasonable care to provide an adequate warning to users and handlers of the equipment.  *See* LA. REV. STAT. § 9:2800.56(2).  Moreover, in the further alternative, but without limitation, if the equipment was unreasonably dangerous in design, which is denied, any characteristic of the equipment that rendered it unreasonably dangerous, which characteristic is also denied, did not exist at the time the equipment left the control of the manufacturer.  *See* LA. REV. STAT. §§ 9:2800.54(C), 9:2800.56.  In the further alternative, but without limitation, if the equipment was unreasonably dangerous in design, which is denied, any characteristic of the equipment that rendered it unreasonably dangerous, which characteristic is also denied, resulted from an alteration or modification of the equipment that could not have been reasonably anticipated.  *See* LA. REV. STAT. § 9:2800.54(C).

## Forty-fourth Affirmative Defense

In the further alternative, but without limitation, if there was an unreasonably dangerous design defect in the equipment at the time it left the manufacturer's control, which is denied, at the time the equipment left the manufacturer's control, the manufacturer did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the design characteristic that caused the damage or the danger of such characteristic, which characteristic is denied.  *See* LA. REV. STAT. § 9:2800.59(A)(1).  In the further alternative, but without limitation, if there was an unreasonably dangerous design defect in the equipment at the time it left the manufacturer's control, which is denied, at the time the equipment left the manufacturer's control, the manufacturer did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design for the equipment that was capable of preventing the claimant's damage,

which alternative design and damage are both denied.  *See* LA. REV. STAT. § 9:2800.59(A)(2).  In the further alternative, but without limitation, if there was an unreasonably dangerous design defect in the equipment at the time it left the manufacturer's control, which is denied, at the time the equipment left the manufacturer's control, any alternative design, which is denied, was not feasible, in light of then-existing reasonably available scientific and technological knowledge and/or then-existing economic practicality.  *See* LA. REV. STAT. § 9:2800.59(A)(3).

## Forty-fifth Affirmative Defense

In the further alternative, but without limitation, the equipment is not unreasonably dangerous because the manufacturer did not fail to provide an adequate warning about the equipment.  *See* LA. REV. STAT. §§ 9:2800.54(B)(3), 9:2800.57(A).  In the further alternative, but without limitation, the equipment, at the time it left the control of its manufacturer, did not possess a characteristic that may cause damage.  *See* LA. REV. STAT. § 9:2800.57(A).  In the further alternative, but without limitation, if the equipment possessed a characteristic that may cause damage, which is denied, the manufacturer used reasonable care to provide an adequate warning of such characteristic and its danger, which danger is denied, to users and handlers of the equipment.  *Id.*  Additionally, in the further alternative, but without limitation, if the equipment was unreasonably dangerous because an adequate warning about the equipment was not provided, which is denied, any characteristic of the equipment that rendered it unreasonably dangerous, which characteristic is also denied, did not exist at the time the equipment left the control of the manufacturer.  *See* LA. REV. STAT. §§ 9:2800.54(C), 9:2800.57(A).  In the further alternative, but without limitation, if the equipment was unreasonably dangerous because an adequate warning about the equipment was not provided, which is denied, any characteristic of the equipment that rendered it unreasonably dangerous, which characteristic is also denied,

resulted from an alteration or modification of the equipment that could not have been reasonably anticipated.  *See* LA. REV. STAT. § 9:2800.54(C).

## **Forty-sixth Affirmative Defense**

In the further alternative, but without limitation, the manufacturer was not required to provide an adequate warning about the equipment because it is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the equipment, with the ordinary knowledge common to the community as to the equipment's characteristics.  *See* LA. REV. STAT. § 9:2800.57(B)(1).  In the further alternative, but without limitation, the manufacturer was not required to provide an adequate warning about the equipment because the user or handler of the equipment already knew or reasonably should be expected to have known of the characteristic of the equipment that may cause damage and the danger of such characteristic, which characteristic and danger are both denied.  *See* LA. REV. STAT. § 9:2800.57(B)(2).

## **Forty-seventh Affirmative Defense**

In the further alternative, but without limitation, at no time after the equipment left the manufacturer's control did the manufacturer acquire knowledge of any characteristic of the equipment that may cause damage or knowledge of the danger of such a characteristic, which characteristic and danger are both denied; nor would the manufacturer have acquired such knowledge had it acted as a reasonably prudent manufacturer.  *See* LA. REV. STAT. § 9:2800.57(C).  Additionally, and without limitation, the manufacturer acted at all times as a reasonably prudent manufacturer.  *See id.*  Moreover, in the further alternative, but without limitation, if the manufacturer did acquire knowledge, or should have reasonably acquired knowledge, of a dangerous characteristic of the product, which dangerous characteristic and

knowledge of the manufacturer are both denied, the manufacturer did not subsequently fail to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product. *See id.* In the further alternative, but without limitation, if the claimant incurred damage due to a dangerous characteristic of the product, which dangerous characteristic and damage are both denied; at the time the equipment left the manufacturer's control, the manufacturer did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic, which danger is also denied. *See* LA. REV. STAT. § 9:2800.59(B).

### Forty-eighth Affirmative Defense

In the further alternative, but without limitation, the equipment is not unreasonably dangerous because the manufacturer did not make any express warranty about the equipment, including, but not limited to, its nature, material, or workmanship. *See* LA. REV. STAT. §§ 9:2800.53(6), 9:2800.54(B)(4), 9:2800.58. In the further alternative, but without limitation, if the manufacturer made an express warranty about the equipment, which is denied, the equipment is not unreasonably dangerous because it conforms to the express warranty. *See* LA. REV. STAT. §§ 9:2800.54(B)(4), 9:2800.58. Additionally, in the further alternative, but without limitation, any express warranty, which is denied, did not induce the claimant or any other person or entity to use the equipment. *See* LA. REV. STAT. § 9:2800.58. Moreover, in the further alternative, but without limitation, the claimant's damage, if any, which is denied, was not proximately caused because any express warranty about the equipment, which express warranty is also denied, was true. *See id.*

## Forty-ninth Affirmative Defense

Hamp's has no claim for relief against Liebherr because the applicable written warranty disclaimers issued by Liebherr that accompanied the equipment in conjunction with its sale and/or lease and delivery to Hamp's expressly exclude liability for the claims alleged by Hamp's in its Petition. In particular, but without limitation, the Standard Warranty Certificate states in part, the Extended Warranty Certificate – Powertrain Plus states in part, and the Emission Control Warranty Statement states in part:

> Liebherr's and the selling Dealer's sole obligation and the exclusive remedy under this warranty shall be the repair or replacement, at Liebherr's option, of any warranted part acknowledged by Liebherr to be defective when returned to the selling Dealer, transportation charges prepaid, within the warranty period. Repairs to, or replacement of, warranted parts found by Liebherr to be defective shall be made by an authorized Liebherr Dealer.
>
> Liebherr shall be responsible for all reasonable and customary labor as established by Liebherr, during normal working hours, needed to correct the defective part. Liebherr shall not be responsible for any of the following:
>
> - Diagnostic time
> - Overtime and waiting time
> - Excess labor time expended due to inexperience or unusual working conditions
> - Expenditures incidental to travel
> - Costs incurred due to lack of qualification of repairmen and/or lack of appropriate tools and equipment
> - Other expenditures incidental to the repair work
> - Machine transportation
> - Crane rental
> - Freight or transportation costs associated with replacement parts

## SPARE PARTS AND ATTACHMENTS WARRANTY

* * *

Liebherr's and the selling Dealer's sole obligation and the exclusive remedy under this warranty shall be the repair or replacement, at Liebherr's option, of any warranted spare part or attachment acknowledged by Liebherr to be defective when returned to the selling Dealer, transportation charges prepaid, within the warranty period. Repairs to, or replacement of, warranted spare parts or attachments found by Liebherr to be defective shall be made by an authorized Liebherr Dealer. Liebherr shall not be responsible for any labor needed to correct the defective spare part or attachment, or any of the reimbursable expense exclusions listed above under the Standard Warranty.

Accessories, attachments, assemblies and components included in the Products sold by Liebherr but which are not manufactured by Liebherr such as non-Liebherr engines, batteries (except factory installed), tires, fire-suppression systems, non-factory installed air conditioner systems are subject to the warranty, if any, of their respective manufacturers and are not covered by this or any Liebherr warranty.

## EXCLUSIONS

The following items are not covered by this warranty:

- Oils, fluids and lubricants.
- Hydraulic and fuel system inspections, cleaning, or adjustment.
- Brake inspections and adjustments.
- Maintenance and service items, including, but not limited to, filters or filter elements; fuses; light bulbs; glow plugs; and V-belts.
- Wear items such as brake linings, bucket teeth, side cutters, shrouds, wear strips/plates, or stoppers.
- Any component damaged due to misuse, abuse, negligence, accident, fire, flood, or act of God.
- Any product on which parts and materials have been used that do not meet Liebherr specifications or which have been altered or repaired, if Liebherr determines that such use, alteration or repair, had negatively affected the product.
- Damage resulting from a lack of maintenance or delayed repair of a defect.
- Components on which unauthorized repairs have been attempted, or on which parts were used that are not listed in the Liebherr parts book and/or machine card.
- Items which are shipped to Liebherr disassembled for any purpose and/or with parts missing.
- Sealed components such as injection pumps, electronic boxes, etc., on which the seal is broken, unless pre-authorized by Liebherr.

- Failure attributed to Dealer's workmanship.
- Loss or damage caused by freight carrier.
- Loss or damage caused by the Dealer's or owners's [sic] improper storage, protection and/or handling.
- Replacement of Liebherr original or approved part(s) with non-Liebherr originated or approved part(s).

## CONDITIONS AND LIMITATIONS

The following conditions and limitations shall apply to this warranty, and failure to comply with these conditions may result in denial of a warranty claim at Liebherr's sole discretion:

- This warranty shall only apply to machines sold through Liebherr Construction Equipment Company or its authorized Dealers.
- Only original Liebherr or Liebherr approved spare parts can be used, including all repair components.
- The owner must operate and maintain the machine as outlined in the Operation & Maintenance Manual.
- The machine must have oil sampling accomplished in accordance with Liebherr Oil Sampling Guidelines and submitted to an approved Liebherr laboratory for analysis.
- The owner must allow the selling Dealer's personnel reasonable access to the machine during normal working hours for repairs on components covered under this warranty.
- The owner must document all maintenance, inspection and repair procedures in detail and make such documents available to Liebherr upon request.
- The owner is responsible for any machine transportation.
- Machines used in special and/or severe applications must first be authorized by Liebherr.

IN NO EVENT SHALL LIEBHERR, ITS COMPONENT SUPPLIERS NOR THE SELLING DEALER BE LIABLE FOR ANY DELAY, WORK STOPPAGE, LOSS OF USE OF EQUIPMENT, LOSS OF TIME, INCONVENIENCE, LOSS OF PROFITS, OR ANY INDIRECT, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ATTRIBUTABLE TO, DEFECTS IN LIEBHERR PRODUCTS OR SERVICE, WHETHER RESULTING FROM NEGLIGENCE (INCLUDING GROSS NEGLIGENCE) OR OTHER TORT WARRANTY, CONTRACT, INDEMNITY, BREACH OF THE PROMISE TO REPAIR OR REPLACE CONTAINED HEREIN, STRICT LIABILITY OR OTHERWISE.

IN ADDITION, LIEBHERR, ITS COMPONENT SUPPLIERS AND THE SELLING DEALER SHALL NOT BE LIABLE IN TORT OR STRICT LIABILITY FOR ANY ECONOMIC LOSS RESULTING, IN WHOLE OR IN

PART, FROM THE MANUFACTURE OR SUPPLY OF THE PRODUCT, PARTS, COMPONENTS AND/OR LABOR.

NOTWITHSTANDING ANYTHING IN THIS WARRANTY TO THE CONTRARY, THE MAXIMUM LIABILITY, IF ANY, OF LIEBHERR, ITS COMPONENT SUPPLIERS AND THE SELLING DEALER FOR ALL DIRECT DAMAGES SHALL NOT EXCEED THE PRICE OF THE PARTICULAR DEFECTIVE PRODUCT, PART OR SERVICE, AS APPLICABLE.

THE STANDARD WARRANTY, THE EMISSION CONTROL WARRANTIES, AND THE EXTENDED LIMITED MACHINE AND POWERTRAIN WARRANTIES, IF APPLICABLE, ARE THE ONLY WARRANTIES APPLICABLE TO LIEBHERR PRODUCTS AND COMPONENTS USED IN LIEBHERR PRODUCTS AND ARE EXPRESSLY IN LIEU OF ANY WARRANTIES OR CONDITIONS OTHERWISE IMPLIED BY LAW (INCLUDING ANY WARRANTY OTHERWISE IMPLIED BY LAW FOR THE PRODUCT BY THE MANUFACTURER OR ITS COMPONENT SUPPLIERS), INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND IS NOT A WARRANTY OF FUTURE PERFORMANCE.

THE REMEDIES UNDER THIS WARRANTY SHALL BE THE ONLY REMEDIES AVAILABLE TO THE OWNER OF LIEBHERR PRODUCTS OR ANY OTHER PERSON, AND NEITHER LIEBHERR NOR THE SELLING DEALER ASSUMES ANY OTHER OBLIGATION OR RESPONSIBILITY WITH RESPECT TO THE CONDITION OF LIEBHERR PRODUCTS, AND AUTHORIZES NO OTHER PERSON TO ASSUME FOR ANY OF THEM, ANY OTHER OBLIGATION OR LIABILITY.

Liebherr reserves the right to make changes in design or add any improvement on its products at any time without incurring any obligation to install same on units previously delivered.

* * *

No warranty claims will be processed until this form is completed, signed by both parties' representatives and returned to Liebherr.

Further, without limitation, the Emission Control Warranty Statement provides, in

pertinent part:

## RESPONSIBILITIES & LIMITATIONS

This warranty is subject to the following conditions.

\* \* \*

### Owner's Responsibilities:

During the warranty period, the owner of the off-road equipment engine is responsible for:

- Premium or overtime labor costs (except California).
- Costs to investigate engine problems which are not caused by a defect in Liebherr's material or workmanship (except California).
- Liebherr may deny warranty coverage if the heavy-duty off-road engine or a part thereof has failed due to abuse, neglect, improper maintenance, or unapproved modifications.
- Providing timely notice of a warranted failure to an authorized Liebherr Dealer, and to promptly make the equipment or engine available to the Dealer for repair.
- Proper scheduled and preventive maintenance as outlined in the Operation & Maintenance Manual supplied with the equipment. This includes, but is not limited to, valve adjustment, fuel and oil filter changes, and any other maintenance procedure related to emission control.
- Using the proper fuel in the engine, as specified in the Operator's Manual. Engines other than Tier 4 diesel engines shall only be operated on commercially available diesel fuel. Use of any other fuel may result in the engine no longer operating in compliance with EPA or California emission requirements. The Tier 4 diesel engine shall only be operated on Ultra low sulfur diesel fuel.
- The owner is responsible for initiating the warranty process. Owners must contact their local authorized Liebherr Dealer to perform warranty service on behalf of Liebherr as soon as a problem arises. The warranty repairs should be completed by the authorized Dealer as expeditiously as possible.

## EXCLUSIONS

This warranty does not cover:

- This warranty shall only apply to machines sold through Liebherr Construction Equipment Company or its authorized Dealers.
- Malfunctions in any part caused by abuse, misuse, alterations, tampering, disconnection, or improper or inadequate maintenance.
- Attachments, accessories or components not supplied or approved by Liebherr.

- Damage resulting from fire, accident, negligence, act of God or other events beyond the control of Liebherr.
- Consequential damages such as loss of use of the engine or equipment powered by the engine, towing, machine transportation, loss of time, downtime, inconvenience, telephone, travel, lodging, or any other indirect or direct damages.
- Loss or damage to personal property, loss of revenue, commercial loss or any other matters not specifically included in this warranty statement.
- Except for any warranted part that is scheduled for replacement as required maintenance.
- Owner's unreasonable delay in making the equipment available after being notified of a potential product problem.

This warranty is in addition to the Liebherr Standard Warranty and any extended warranty (if applicable) for the equipment and engine involved. Remedies under this warranty are limited to the provisions as specified in this warranty statement.

Moreover, without limitation, the Extended Warranty Certificate – Powertrain Plus

(Excavators and Material Handlers Only) provides, in pertinent part:

Liebherr's and the selling Dealer's sole obligation and the exclusive remedy under this warranty shall be the repair or replacement, at Liebherr's option, of any warrantable part acknowledged by Liebherr to be defective when returned to the selling Dealer, transportation charges prepaid, within the warranty period. Repairs to, or replacement of, warrantable parts found by Liebherr to be defective shall be made by an authorized Liebherr Dealer.

\* \* \*

## CONDITIONS AND LIMITATIONS

The following conditions and limitations shall apply to this warranty, and failure to comply with these conditions may result in denial of a warranty claim at Liebherr's sole discretion:

- This warranty shall only apply to machines sold through Liebherr Construction Equipment Company or its authorized Dealers.
- Only original Liebherr or Liebherr approved spare parts can be used, including all repair components.
- The owner must operate and maintain the machine as outlined in the Operation & Maintenance Manual.
- The machine must be inspected by the selling Dealer every 1,000 hours or one (1) year, at its or the owner's expense, and a "Periodic Inspection" Report (using Form LCE-F101) must be submitted by the selling Dealer to Liebherr.

- The machine must have oil sampling accomplished in accordance with Liebherr Oil Sampling Guidelines and submitted to an approved Liebherr laboratory for analysis. Sufficient oil sampling kits will be made available to the owner free of charge by the selling Dealer.
- The owner must allow the Dealer's personnel reasonable access to the machine during normal working hours for repairs on components covered under this warranty.
- The owner must document all maintenance, inspection and repair procedures in detail and make such documents available to Liebherr upon request.
- The owner is responsible for any machine transportation.
- Repairs or component replacements are warranted only for the remainder of the extended warranty period.
- Any extended warranty coverage for machines used in special and/or severe applications must first be authorized by Liebherr.

## Fiftieth Affirmative Defense

Liebherr expressly reserves the right to reevaluate and/or assert additional defenses upon discovery and review of additional documents and information and upon the development of other pertinent facts.

## Fifty-first Affirmative Defense

Except to the extent expressly admitted herein, Liebherr denies the material allegations of the Amended Complaint and demands strict proof.

## Fifty-second Affirmative Defense

In response to the specific allegations of Hamp's Amended Complaint, Liebherr avers as follows:

### I.

Liebherr admits that Hamp's is a Louisiana limited liability company. Liebherr denies the remaining allegations of Paragraph 1 for lack of sufficient information to justify a belief therein.

## II.

Liebherr admits it is a Virginia corporation and that its co-defendant, Heavy Machines, Inc. ("HMI"), is a Tennessee corporation. Liebherr denies for lack of sufficient information that HMI has "significant business operations in Louisiana." Liebherr denies the remaining allegations of Paragraph 2 as written.

## III.

Liebherr denies that its co-defendant, Deutsche Leasing USA, Inc. ["Deutsche"], is an Illinois corporation and states that, upon information and belief, Deutsche is a Delaware corporation. Liebherr denies the remaining allegations of Paragraph 3 for lack of sufficient information to justify a belief therein.

## IV.

The allegations of Paragraph 4 state a conclusion of law to which no response is required. But to the extent a response is required, Liebherr admits that this Court has subject matter jurisdiction over this matter.

## V.

The allegations of Paragraph 5 state a conclusion of law to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 5 for lack of sufficient information to justify a belief therein.

## VI.

Liebherr denies the allegations of Paragraph 6 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that, to the extent the allegations of Paragraph 6 concerning the "Contract" describe a written document, that document is the best evidence of its contents.

VII.

Liebherr denies the allegations of Paragraph 7 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that, to the extent the allegations of Paragraph 7 concerning the "Contract" describe a written document, that document is the best evidence of its contents.

VIII.

Liebherr denies the allegations of Paragraph 8 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that, to the extent the allegations of Paragraph 8 concerning the "Contract" describe a written document, that document is the best evidence of its contents.

IX.

Responding to the allegations of Paragraph 9, Liebherr states that equipment bearing Model No. R946 LC and PIN 1150-36287 was delivered to Hamp's in 2013. Liebherr denies the remaining allegations of Paragraph 9 for lack of sufficient information to justify a belief therein.

X.

Liebherr denies the allegations of Paragraph 10 for lack of sufficient information to justify a belief therein.

XI.

Liebherr denies the allegations of Paragraph 11 for lack of sufficient information to justify a belief therein.

XII.

Responding to the allegations of Paragraph 12, Liebherr states that equipment bearing Model No. R946 LC and PIN 1150-36287 was delivered to Hamp's. Liebherr denies the

remaining allegations of Paragraph 12 for lack of sufficient information to justify a belief therein.

## XIII.

Liebherr denies the allegations of Paragraph 13 for lack of sufficient information to justify a belief therein.

## XIV.

Liebherr denies the allegations of Paragraph 14 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that the alleged "Purchase Agreement" is the best evidence of its contents.

## XV.

Liebherr denies the allegations of Paragraph 15 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that the alleged "Lease" is the best evidence of its contents.

## XVI.

Liebherr denies the allegations of Paragraph 16 for lack of sufficient information to justify a belief therein.

## XVII.

Liebherr denies the allegations of Paragraph 17 for lack of sufficient information to justify a belief therein. Further responding, Liebherr states that the alleged "Lease" is the best evidence of its contents.

## XVIII.

To the extent the allegations contained in Paragraph 18 state a conclusion of law, they require no answer. But to the extent an answer is required, Liebherr denies the allegations of

Paragraph 18 for lack of sufficient information to justify a belief therein.  Further responding, Liebherr states that the alleged "Lease" is the best evidence of its contents.

XIX.

To the extent the allegations contained in Paragraph 19 state a conclusion of law, they require no answer.  But to the extent an answer is required, Liebherr denies the allegations of Paragraph 19 for lack of sufficient information to justify a belief therein.  Further responding, Liebherr specifically denies the existence of any warranties not expressly specified in the applicable warranty and contract documents.

XX.

Liebherr denies the allegations of Paragraph 20.

XXI.

Liebherr denies the allegations of Paragraph 21 for lack of sufficient information to justify a belief therein.

XXII.

Liebherr denies the allegations of Paragraph 22 as written.

XXIII.

Liebherr admits that it serviced equipment used by Hamp's.  Liebherr denies the remaining allegations of Paragraph 23 as written and for lack of sufficient information to justify a belief therein.

XXIV.

Liebherr denies the allegations of Paragraph 24.

XXV.

Liebherr denies the allegations of Paragraph 25.

## XXVI.

Liebherr denies the allegations of Paragraph 26.

## XXVII.

Liebherr denies the allegations of Paragraph 27 as written and for lack of sufficient information to justify a belief therein. Further responding, Liebherr asserts that the equipment at issue is, and always has been, fully operational.

## XXVIII.

Liebherr denies the allegations of Paragraph 28 for lack of sufficient information to justify a belief therein.

## XXIX.

Liebherr denies the allegations of Paragraph 29 for lack of sufficient information to justify a belief therein.

## XXX.

Liebherr denies the allegations of Paragraph 30 for lack of sufficient information to justify a belief therein.

## XXXI.

The allegations of Paragraph 31 state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 31.

## XXXII.

The allegations of Paragraph 32 state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 32.

XXXIII.

The allegations of Paragraph 33 pertain to a defendant other than Liebherr and state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 33.

XXXIV.

The allegations of Paragraph 34 pertain to a defendant other than Liebherr and state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 34 for lack of sufficient information to justify a belief therein.

XXXV.

The allegations of Paragraph 35 state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 35. Further responding, Liebherr states that the equipment at issue is, and always has been, without defect. Liebherr additionally states that the alleged "Purchase Agreement" and the alleged "Lease" are the best evidence of the contents of those documents.

XXXVI.

The allegations of Paragraph 36 pertain to a defendant other than Liebherr and state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 36. Liebherr additionally states that the alleged "Purchase Agreement" and the alleged "Lease" are the best evidence of the contents of those documents.

XXXVII.

The allegations of Paragraph 37 pertain to a defendant other than Liebherr and state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 37.

## XXXVIII.

The allegations of Paragraph 38 pertain to a defendant other than Liebherr and state legal conclusions to which no response is required.  But to the extent a response is required, those allegations are denied for lack of sufficient information to justify a belief therein.  Further responding, Liebherr denies that the equipment failed and states that the alleged "Lease" is the best evidence of its contents.

## XXXIX.

The allegations of Paragraph 39 state a legal conclusion to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 39.  Further responding, Liebherr states that the applicable warranty documents expressly and unambiguously disclaim liability for the damages alleged by Hamp's.

## XL.

The allegations of Paragraph 40 state a legal conclusion to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 40.  Further responding, Liebherr states that the applicable warranty documents expressly and unambiguously disclaim liability for the damages alleged by Hamp's.

## XLI.

The allegations of Paragraph 41 state a legal conclusion to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 41.

## XLII.

The allegations of Paragraph 42 state legal conclusions to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 42.

XLIII.

The allegations of Paragraph 43 state a legal conclusion to which no response is required. But to the extent a response is required, Liebherr denies the allegations of Paragraph 43.

XLIV.

The final unnumbered paragraph constitutes a prayer for relief to which a response is not required. But to the extent the allegations of the final unnumbered paragraph pertain to defendants other than Liebherr, those allegations are denied for lack of sufficient information to justify a belief therein. To the extent the allegations of the final unnumbered paragraph pertain to Liebherr, those allegations are denied.

WHEREFORE, Liebherr prays that its Answer to Amended Complaint be deemed good and sufficient and that after all due proceedings are had, there be judgment rendered herein in its favor and against Hamp's, dismissing its Amended Complaint with prejudice and at its cost. Liebherr further prays for all other such relief as the nature of this case may permit.

/s/ Joshua P. Clayton
_____
JAMES M. GARNER, La. Bar No. 19589, T.A.
JOHN T. BALHOFF, II, La. Bar No. 24288
JOSHUA P. CLAYTON, La. Bar No. 34488
**SHER GARNER CAHILL RICHTER KLEIN &**
 **HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-mail: jgarner@shergarner.com
        jbalhoff@shergarner.com
        jclayton@shergarner.com
**ATTORNEYS FOR LIEBHERR MINING &**
**CONSTRUCTION EQUIPMENT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Joshua P. Clayton

_____
JOSHUA P. CLAYTON