UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAMP'S ENTERPRISES, L.L.C., | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | NO. 2:14-cv-02501 |
| | * | |
| VERSUS | * | SECTION: E(1) |
| | * | |
| | * | |
| HEAVY MACHINES, INC., | * | JUDGE: MORGAN |
| LIEBHERR MINING & | * | |
| CONSTRUCTION EQUIPMENT CO. | * | MAGISTRATE: SHUSHAN |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### HEAVY MACHINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Heavy Machines, Inc. ("HMI"), through undersigned counsel, responds to the Amended Complaint filed by plaintiff, Hamp's Enterprises, LLC ("Hamp's"), as follows:

**1.** HMI admits, upon information and belief, that Hamp's is a Louisiana limited liability company with a membership comprised entirely of Louisiana residents. HMI denies any and all remaining allegations of fact contained in Paragraph 1 of Hamp's Amended Complaint for lack of sufficient information upon which to justify a belief therein.

**2.** HMI admits that it is a Tennessee corporation with its principal place of business located in Tennessee and further admits, upon information and belief, that co-defendant Liebherr Mining & Construction Equipment, Inc. ("Liebherr") is a Virginia corporation with a principal place of business also located in Virginia. HMI further admits that it is doing business in Louisiana, but denies all other allegations of fact contained in Paragraph 2 of Hamp's Amended Complaint,

1

including any and all subparts, for lack of sufficient knowledge upon which to justify a belief therein.

3.     HMI admits, upon information and belief, that Deutsche Leasing USA, Inc. ("Deutsche") is an Illinois corporation, and denies any and all remaining allegations of fact contained in Paragraph 3 of Hamp's Amended Complaint for lack of sufficient information upon which to justify a belief therein.

4.     HMI admits that jurisdiction is proper in this Court as asserted in Paragraph 4 of Hamp's Complaint, but denies the merits of Hamp's claims and denies that Hamp's is entitled to any damages.

5.     HMI denies any and all facts contained in Paragraphs 5, 6, 7 and 8 of Hamp's Amended Complaint for lack of sufficient information upon which to justify a belief therein.

6.     HMI denies the allegations of fact contained in Paragraph 9 of Hamp's Amended Complaint as stated.

7.     HMI admits that it sells equipment manufactured by Liebherr as asserted in Paragraph 10 of Hamp's Amended Complaint.

8.     HMI denies any and all allegations of fact contained in Paragraphs 11 and 12 of Hamp's Amended Complaint for lack of sufficient information upon which to justify a belief therein, and further asserts that any information relating to any Liebherr equipment would have come directly from Liebherr and HMI would have relied upon Liebherr's representations.

9.     HMI admits that it suggested a lease arrangement offered by Deutsche Leasing USA, Inc. ("Deutsche") to Hamp's, but the remaining allegations of fact contained in Paragraph 13 of Hamp's Amended Complaint are denied as stated.

**10.**     HMI admits that Deutsche purchased the excavator referred to in Paragraph 14 of Hamp's Amended Complaint from HMI, but HMI denies any and all remaining allegations of fact contained in Paragraph 14.

**11.**     HMI admits that any lease agreement concerning the excavator identified in Paragraph 15 of Hamp's Amended Complaint would have been between Deutsche and Hamp's and would not have involved HMI.  HMI denies any and all remaining allegations of fact contained in Paragraph 15.

**12.**     HMI denies the allegations of fact contained in Paragraph 16 of Hamp's Amended Complaint as stated.

**13.**     HMI denies any and all allegations of fact contained in Paragraphs 17, 18 and 19 of Hamp's Amended Complaint, and further submits that any lease executed between Deutsche and Hamp's is the law between the parties and, as a written document, is the best evidence of its own contents.  HMI denies any and all allegations, whether contained in Paragraphs 17, 18 and 19 of Hamp's Amended Complaint or otherwise, which are at variance with the express terms and conditions of any identified lease.  HMI further denies that any implied warranties, whether the warranty of redhibition, warranty of fitness for use, or otherwise, are applicable in the present matter.

**14.**     HMI denies any and all allegations of fact contained in Paragraph 20 of Hamp's Amended Complaint.

**15.**     HMI admits that Hamp's has communicated with HMI concerning repairs and maintenance requests for the excavator identified in Hamp's Amended Complaint, but HMI denies any further allegations of fact contained in Paragraph 21 of Hamp's Amended Complaint as stated.

**16.**     HMI denies the allegations of fact contained in Paragraph 22 of Hamp's Amended Complaint.

**17.**     HMI admits that Liebherr assisted in making warranty repairs to the excavator identified in Hamp's Amended Complaint, but HMI denies any and all remaining allegations of fact contained in Paragraph 23 of Hamp's Amended Complaint.

**18.**     HMI denies any and all allegations of fact contained in Paragraphs 24, 25 and 26 of Hamp's Amended Complaint.

**19.**     HMI denies any and all allegations of fact contained in Paragraph 27 of Hamp's Amended Complaint, and further asserts that it is without sufficient knowledge to admit or deny that Hamp's obtained "different equipment to perform its work and obligations" as alleged in Paragraph 27.

**20.**     HMI denies any and all allegations of fact contained in Paragraph 28 of Hamp's Amended Complaint for lack of sufficient information upon which to justify a belief therein.

**21.**     HMI denies any and all allegations of fact contained in Paragraphs 29, 30, 31, 32, 33 and 34 of Hamp's Amended Complaint.

**22.**     HMI denies any and all allegations of fact contained in Paragraphs 35 and 36 of Hamp's Amended Complaint and further asserts that much of the allegations contained therein constitute legal conclusions which do not require an affirmative or negative response from HMI.  However, to the extent that a response is required, and out of an abundance of caution, HMI denies any defects with Deutsche's purchase of the Liebherr excavator at issue herein, and further asserts that Hamp's lacks standing to attack Deutsche's purchase in any event.  Any and all documents concerning the purchase are written instruments which constitute the law between the parties and are the best evidence of their own contents.  HMI further denies any defects concerning the lease

of the Liebherr excavator from Deutsche to Hamp's, but again asserts that the lease documents are the law between the parties to that agreement and are the best evidence of their own contents. HMI denies any and all allegations concerning the various legal relationships of the parties herein that are at variance with the express terms contained in the controlling legal documents. HMI denies that Hamp's is entitled to any damages or to the recovery of any of the funds alleged.

23.     HMI denies any and all allegations of fact contained in Paragraphs 37 and 38 of Hamp's Amended Complaint.

24.     HMI denies any and all allegations of fact contained in Paragraph 39 of Hamp's Amended Complaint, except to admit that Liebherr is the manufacturer of the excavator identified therein.

25.     To the extent that Paragraphs 40 and 41 contain allegations against Liebherr and not HMI, HMI denies any and all allegations of fact contained in those paragraphs for lack of sufficient information upon which to justify a belief therein, except to admit that Liebherr is the manufacturer of the excavator at issue in this matter, and to further assert that the Louisiana Products Liability Act is written legislation, and, therefore, is the best evidence of its own contents.

26.     HMI denies any and all allegations contained in Paragraphs 42 and 43 of Hamp's Amended Complaint.

27.     To the extent that the Paragraph entitled "WHEREFORE" in Hamp's Petition requires any affirmative or negative responses, and out of an abundance of caution, HMI denies any and all allegations contained therein.

    AND NOW further answering in the affirmative, HMI asserts and avers the following defenses:

## FIRST DEFENSE

Hamp's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Hamp's Amended Complaint fails to state a Cause of Action against HMI.

## THIRD DEFENSE

Hamp's claims may be barred, in whole or in part, by Hamp's failure to adequately and appropriately mitigate its alleged damages.

## FOURTH DEFENSE

Hamp's claims may be barred, in whole or in part, by the doctrines of comparative fault and/or Hamp's own negligence.

## FIFTH DEFENSE

Hamp's claims are barred, in whole or in part, by the doctrine of unforeseeable misuse.

## SIXTH DEFENSE

Hamp's claims are barred, in whole or in part, due to Hamp's lack of standing to assert them.

## SEVENTH DEFENSE

Hamp's claims are barred, in whole or in part, because Hamp's lacks contractual privity with the named defendants.

## EIGHTH DEFENSE

Hamp's claims are barred, in whole or in part, because Hamp's continues to use the Liebherr excavator at issue herein.

**NINTH DEFENSE**

Defendants have carried out all necessary repairs and maintenance on the Liebherr excavator identified in Hamp's Amended Complaint, and have maintained the excavator in proper working condition.

**TENTH DEFENE**

Hamp's recovery is limited by any recovery that Hamp's has received from collateral sources.

**ELEVENTH DEFENSE**

Hamp's claims are barred, in whole or in part, by the doctrines of intervening and/or supervening cause.

**TWELFTH DEFENSE**

Discovery may show that Hamp's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**THIRTEENTH DEFENSE**

Hamp's claims are barred, in whole or in part, by the intervening and/or supervening acts of Hamp's and/or third parties.

**FOURTEENTH DEFENSE**

Hamp's claim, if any, for non-economic losses is barred by the controlling contractual documents and/or limited by the applicable governing doctrine.

**FIFTEENTH DEFENSE**

Hamp's claims are barred because any defect in the excavator at issue resulted from improper use of the excavator by Hamp's and/or others over which HMI exercised no control.

### SIXTEENTH DEFENSE

Hamp's claims are barred by the applicable statute(s) of limitations, including, but not limited to, La. Rev. Statute §9:2772.

### SEVENTEENTH DEFENSE

Hamp's alleged injuries, if any, were not the result of any act or omission on the part of HMI, but exist by reason of operation of nature or idiosyncratic behavior, over which HMI had no control.

### EIGHTEENTH DEFENSE

Hamp's alleged injuries, if any, were not the result of any act or omission on the part of HMI, but instead resulted from the acts or omissions of third parties.

### NINETEENTH DEFENSE

Hamp's claims against HMI are barred because a significant period of time has lapsed between when the excavator was delivered to Hamp's and the alleged damages.

### TWENTIETH DEFENSE

If, after a trial on the merits, any fault is apportioned to HMI, which fault is denied, then HMI affirmatively asserts its right to a set-off and/or credit for any settlements made with Hamp's including those perfected before, during and through trial of this matter.

### TWENTY-FIRST DEFENSE

HMI denies any paragraph or any portions of any paragraph in Hamp's Amended Complaint not previously referred to herein.

### TWENTY-SECOND DEFENSE

Hamp's claims are barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation.

### TWENTY-THIRD DEFENSE

Hamp's claims are barred because Hamp's seeks to enforce greater rights than those that Hamp's subrogated to.

### TWENTY-FOURTH DEFENSE

Hamp's has no right or cause of action against HMI to the extent that it has subrogated all or part of its claims to others.

### TWENTY-FIFTH DEFENSE

Hamp's herein incorporates all denials and affirmative defenses made in response to Hamp's Petition for Damages originally filed in this matter.

**WHEREFORE**, HMI, defendant herein, prays:

1. That Hamp's takes nothing by its Petition for Damages and/or Amended Complaint in this action and that judgment on the Petition for Damages and Amended Complaint be entered in favor of HMI;
2. That HMI be awarded its cost of suit; and
3. For any and all other relief to which HMI may be entitled.

Respectfully submitted:

_/s/ Alex P Tilling_____
**George D. Fagan (#14260)**
**Alex P Tilling (#29686)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
Telephone:  (504) 585-7500
Facsimile:  (504) 585-7775
gfagan@leakeandersson.com
atilling@leakeandersson.com

*Attorneys for Heavy Machines, Inc., Defendant*

### CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all counsel of record on April 10, 2015, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

        __/s/ Alex Tilling_____
        ALEX P TILLING