

# SHIELDS | MOTT L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW

JESSICA R. DERENBECKER
JRD@SHIELDSMOTT.COM

March 23, 2015

VIA U.S. CERTIFIED MAIL
RETURN RECEIPT REQUESTED
#9171 9690 0935 0082 9931 36

Deutsche Leasing USA, Inc.
through its registered agent:
Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Re:   Hamp's Enterprises, LLC
         v. Heavy Machines, Inc., *et al.*
      USDC, Eastern District of Louisiana
      Case No. 14-02501, Section "E"
      Our Ref. 34403-39

To whom it may concern:

Enclosed is a copy of the Petition and Amended Complaint filed with the Eastern District of Louisiana in the captioned matter against Deutsche Leasing USA, Inc. ("Deutsche") on March 20, 2015. Additionally, enclosed are two copies of a Notice of Lawsuit and Request to Waive Service of a Summons, as well as two copies of the Waiver of the Service of Summons. We request that you sign a copy of the notice and waiver and return both to our offices within 30 days as required by Federal Rules of Civil Procedure Rule 4(d) in the enclosed self-addressed, stamped envelope. Pursuant to Rule 4(d)(1)(D), we are required to inform you that the failure to waive service will cause Deutsche to pay all service costs, as well as all attorney's fees incurred to collect the service costs incurred by plaintiff, Hamp's Enterprises, LLC ("Hamp's"). Please let us know as soon as possible if you refuse the waiver.

Additionally enclosed is a copy of Hamp's Motion for Leave to Deposit Funds Into Court. The Court has requested that Hamp's provide Deutsche with a copy of its motion along with the Amended Complaint. Please advise within 10 days of receipt of this correspondence whether you object to Hamp's motion so that we may inform the Court upon filing. The other named defendants, Heavy Machines, Inc. and Liebherr Mining & Construction Equipment, Inc., consent to Hamp's motion. If we do not hear from you within 10 days, we will advise the Court that we have received no response from you concerning the motion.

Exhibit "A"

SHIELDS | MOTT L.L.P.

Deutsche Leasing USA, Inc.
March 23, 2015
Page 2

If you have any questions, please contact us.

With best regards, I am,

                                          Very truly yours,

                                          Jessica R. Derenbecker

JRD:elm
Enclosures

Deutsche.002.JRD.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAMP'S ENTERPRISES, L.L.C. | * | CIVIL ACTION NO.14-02501 |
| VERSUS | * | SECTION "E" |
| HEAVY MACHINES, INC., | * | JUDGE: SUSIE MORGAN |
| LIEBHERR MINING & CONSTRUCTION EQUIPMENT CO. | * | DIVISION "1" |
| * * * * * * * * | * | MAGISTRATE: SALLY SHUSHAN |

### HAMP'S ENTERPRISES, L.L.C.'S AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Hamp's Enterprises, L.L.C. ("Hamp's"), which files its amended complaint in the captioned matter as set forth below:

1.

Plaintiff, Hamp's, is a Louisiana limited liability company in good standing with its principal place of business in New Orleans, Louisiana.

2.

Original defendants herein are:

(A)   Heavy Machines, Inc. ("HMI"), a Tennessee corporation with significant business operations in Louisiana; and,

(B)   Liebherr Mining & Construction Equipment, Inc. d/b/a Liebherr Construction Equipment Co. ("Liebherr"), on information and belief, a Virginia corporation doing business in Louisiana.

3.

Made additional defendant herein is:

(C)     Deutsche Leasing USA, Inc. ("Deutsche"), an Illinois corporation doing business in Louisiana.

4.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 due to the removal of Hamp's state court petition because Hamp's is diverse in citizenship from all named defendants, and the amount in controversy exceeds $75,000.

5.

Venue is proper in this Court pursuant to La. Rev. Stat. 13:3203 and because the equipment subject to this action was leased for use in Orleans Parish, Louisiana.

6.

Plaintiff, Hamp's, entered into a construction contract ("Contract") with the United States Army Corps of Engineers, New Orleans ("Corps") for Hamp's to perform certain work on the project known as "Southeast Louisiana, Urban Flood Control Project, Trapp Canal Improvements" ("Project").

7.

Pursuant to the Contract, Hamp's is required to complete its work in a timely manner because time is of the essence on the Project. If Hamp's does not complete its work timely, Hamp's is subject to damages owed to the Corps for any delay attributable to Hamp's, including liquidated damages per day for every day of delay in the amount of $2,910 per day.

2

8.

Additionally, Hamp's incurs increased costs on the Project if it suffers any delay to its work including, but not limited to, extended general conditions costs, for every additional day that Hamp's is delayed on the Project.

9.

In 2013, Hamp's obtained the equipment that is the subject of this matter to perform its work on the Project through a sales representative with whom Hamp's had previously purchased equipment. The sales representative approached Hamp's, notified Hamp's that he was selling a different brand of equipment than he sold before, and that he worked for HMI. HMI and its sales representative attempted to sell Hamp's equipment.

10.

HMI sells equipment manufactured by Liebherr.

11.

Although Hamp's had never before used a piece of equipment manufactured by Liebherr, and told that fact to HMI, HMI convinced Hamp's that Liebherr would be suitable for the work that Hamp's was to perform on the Project.

12.

Hamp's trusted and relied on its prior experience and relationship with HMI's sales representative, who assured Hamp's that the new Liebherr 2013 R946 Track Excavator, serial number R946-1150-36287 ("Equipment"), would be suitable for the work Hamp's was to perform on the Project. Based on that assurance, Hamp's agreed to use the Equipment to perform the Project.

13.

HMI instructed Hamp's that Deutsche Leasing USA, Inc. ("Deutsche") was the financing option offered by HMI to provide the Equipment to Hamp's.

14.

On information and belief, Deutsche purchased the Equipment from HMI through a purchase agreement ("Purchase Agreement").

15.

Then, through HMI, Hamp's and Deutsche entered into a Master Lease Agreement ("Lease") for use of the Equipment on the Project. HMI negotiated the terms of the Lease between Hamp's and Deutsche.

16.

Hamp's executed the Lease, which HMI presented to Hamp's in New Orleans, Louisiana, and Hamp's returned the executed Lease to HMI in New Orleans, Louisiana.

17.

Pursuant to the Lease, Hamp's is required to pay $8,837.45 each month for two years to Deutsche for use of the Equipment on the Project. Hamp's has the option to purchase the equipment from Deutsche at the expiration of the Lease for fair market value.

18.

Pursuant to the Lease, Deutsche assigned all warranty obligations existing between Deutsche and HMI to Hamp's for the Equipment including, but not limited to, the warranty of redhibition and warranty of fitness for use.

4

19.

Hamp's has the right to enforce all warranties for the Equipment, including the warranty of redhibition and warranty of fitness for use.

20.

Immediately after Hamp's began using the Equipment on the Project, the Equipment failed. The Equipment has constantly broken down on the Project, delaying Hamp's work on the Project.

21.

Hamp's made multiple demands on HMI to repair the Equipment.

22.

Hamp's made several service calls to repair the Equipment, but the Equipment continues to fail.

23.

Despite multiple demands against HMI, HMI's efforts to fix the Equipment failed, and Hamp's continues to suffer delays on the Project because of the repeated Equipment failure episodes. HMI contacted Liebherr to assist in repairing the Equipment. Liebherr attempted to repair the Equipment, but its attempts also failed.

24.

The "new" Equipment does not operate as new equipment should, and the Equipment is useless to Hamp's.

25.

Hamp's suffered damages by delays to its work on the Project because of the Equipment's repeated failure episodes.

26.

Hamp's will suffer further damages and delays if Hamp's attempts to continue to use the Equipment on the Project.

27.

Because the Equipment continued to be non-operational, Hamp's, having no choice, obtained different equipment to perform its work and obligations on the Project.

28.

Hamp's obtained a storage site to store the Equipment until such time that the Equipment can be returned to Deutsche and/or HMI. Hamp's is incurring a storage fee of $38.00 per day to store the Equipment so that the Equipment does not become damaged during Hamp's possession of the Equipment.

29.

Hamp's has no use for the Equipment since it does not fit the purpose intended by Hamp's, which purpose HMI knew.

30.

Had Hamp's known that the Equipment was insufficient to perform on the Project, and that the Equipment would repeatedly fail, Hamp's would have never agreed to use the Equipment or entered into the Lease.

31.

Hamp's is entitled to rescind the Purchase Agreement between HMI and Deutsche because the Equipment has redhibitory defects such that the Equipment is useless and/or its use is so inconvenient that Hamp's would not have entered into the Lease or selected the Equipment for Deutsche to purchase from HMI for Hamp's use.

32.

Hamp's is entitled to rescind the Purchase Agreement between HMI and Deutsche because the Equipment is not fit for its intended use such that the Equipment is useless and/or its use is so inconvenient that Hamp's would not have entered into the Lease or selected the Equipment for Deutsche to purchase from HMI for Hamp's use.

33.

Alternatively, Hamp's is entitled to a reduction in the purchase price of the Equipment from HMI because the value of the Equipment is so diminished that it should have been purchased for a much lesser price.

34.

Additionally, Hamp's is entitled to recover its damages from HMI that it has suffered and will suffer due to Hamp's delays on the Project, including any liquidated damages that may be assessed against Hamp's by the Corps, Hamp's extended general conditions costs, cost to store the non-operating Equipment, and any other additional costs Hamp's incurred or incurs on the Project due to the Equipment's constant failure on the Project, including, but not limited to, the cost of the replacement equipment that Hamp's is now using to perform the Project.

35.

Because the Purchase Agreement is null and void due to the Equipment's redhibitory defects and/or the defects rendering the Equipment unfit for its intended use, the Lease is also void and unenforceable as an accessory obligation to the Purchase Agreement.

36.

Because the Lease is void and unenforceable as an accessory obligation to the Purchase Agreement, Deutsche is required to return Hamp's monthly rental payments that Hamp's has paid to date.

37.

Alternatively, Deutsche is required to return Hamp's monthly rental payments because Deutsche leased machinery to Hamp's that is and has been useless to Hamp's.

38.

In the further alternative, despite the Equipment's repeated failures, Hamp's may be required to pay Deutsche $8,837.45 per month under the Lease for the entire term of the Lease. Hamp's is entitled to recover its Lease payments from HMI and/or Liebherr due to the Equipment failure.

39.

As the manufacturer, Liebherr is responsible for any damages that arise out of defects within its products, including economic damages caused by its products' defects.

40.

Additionally, pursuant to Louisiana law, Hamp's is entitled to its damages on the Project associated with the Equipment failure from Liebherr under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. 9:2800.51, *et seq.*

41.

Liebherr is liable to Hamp's for all damages associated with the Equipment's repeated failure due to the defects, including all delay damages attributable to Hamp's and/or incurred by Hamp's on the Project, Hamp's costs to store the Equipment, and Hamp's Lease payments to Deutsche.

42.

HMI, Liebherr, and/or Deutsche are solidarily liable to Hamp's for all Lease payments that Hamp's has already tendered to Deutsche, and all future Lease payments for which Hamp's may be responsible to Deutsche under the Lease.

43.

Hamp's is entitled to recover its costs and fees for bringing this action.

WHEREFORE, Hamp's Enterprises, L.L.C. prays that its petition be deemed good and sufficient, and that after due proceedings had, there be judgment in favor of Hamp's Enterprises, L.L.C. and against Heavy Machines, Inc., Liebherr Mining & Construction Equipment Co., and Deutsche Leasing USA, Inc. for all of Hamp's remedies and damages prayed for herein, including the rescission of the Purchase Agreement, termination of the Lease, and awarding all other equitable relief to which Hamp's Enterprises, L.L.C. may be entitled.

                Respectfully submitted,

                /s/ Jessica R. Derenbecker
                Lloyd N. Shields (La. Bar No. 12022)
                Jeffrey K. Prattini (La. Bar No. 30679)
                Jessica R. Derenbecker (La. Bar No. 32425)
                SHIELDS | MOTT L.L.P.
                650 Poydras Street, Suite 2600
                New Orleans, Louisiana 70130
                Telephone: (504) 581-4445
                Telecopy: (504) 581-4440

                Attorneys for plaintiff,
                  Hamp's Enterprises, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by CM/ECF, this 18th day of March, 2015.

                /s/ Jessica R. Derenbecker

34403-39\Pleadings\Amended Complaint.wpd

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Hamp's Enterprises, LLC <br> *Plaintiff* <br> v. <br> Heavy Machines, Inc., et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 14-02501 <br> ) <br> ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Deutsche Leasing USA, Inc.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __03/23/2015__

*Signature of the attorney or unrepresented party*

Jessica R. Derenbecker
*Printed name*

650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
*Address*

jrd@shieldsmott.com
*E-mail address*

504-581-4445
*Telephone number*

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| Hamp's Enterprises, LLC | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 14-02501 |
| Heavy Machines, Inc., et al. | ) | |
| Defendant | ) | |

**Waiver of the Service of Summons**

To: Hamp's Enterprises, LLC, through its attorneys
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/23/2015_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _____

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Address

_____
E-mail address

_____
Telephone number

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAMP'S ENTERPRISES, L.L.C. | * | CIVIL ACTION NO.14-02501 |
| VERSUS | * | SECTION "E" |
| HEAVY MACHINES, INC., | * | JUDGE: SUSIE MORGAN |
| LIEBHERR MINING & CONSTRUCTION EQUIPMENT CO. | * | DIVISION "1" |
| * * * * * * * * | * | MAGISTRATE: SALLY SHUSHAN |

## HAMP'S ENTERPRISES, L.L.C.'S
## AMENDED MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Hamp's Enterprises, L.L.C. ("Hamp's"), which files this amended motion for leave to deposit funds as more fully set forth in the attached memorandum in support.

On March 20, 2015, the Court denied without prejudice Hamp's *ex parte* motion for leave to deposit funds into court. (Rec. Doc. 18). The Court indicated that Hamp's is allowed to refile its motion once Deutsche Leasing USA, Inc. ("Deutsche") was served with the Amended Complaint and a copy of the motion. On _____, Deutsche received Hamp's Amended Complaint, a draft of this motion, and the attached memorandum in support.[1] As of this date, Deutsche has not responded to Hamp's request to consent to this motion.

---

[1] A copy of Hamp's correspondence to Deutsche enclosing the pleadings is attached as Exhibit "A."

WHEREFORE, Hamp's Enterprises, L.L.C. prays that its motion for leave is granted, and that Hamp's be permitted to deposit $8,837.45 per month, representing amounts potentially owed under the lease between Deutsch and Hamp's, with the Clerk of Court of the Eastern District of Louisiana during the pendency of the captioned matter.

Respectfully submitted,

/s/ Jessica R. Derenbecker
Lloyd N. Shields (La. Bar No. 12022)
Jeffrey K. Prattini (La. Bar No. 30679)
Jessica R. Derenbecker (La. Bar No. 32425)
SHIELDS | MOTT L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Telecopy: (504) 581-4440

Attorneys for plaintiff,
   Hamp's Enterprises, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by CM/ECF, this ____ day of March, 2015.

/s/ Jessica R. Derenbecker

34403-39\Pleadings\Amended Motion.Deposit Lease Payments.wpd

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAMP'S ENTERPRISES, L.L.C. | * | CIVIL ACTION NO.14-02501 |
| VERSUS | * | SECTION "E" |
| HEAVY MACHINES, INC., | * | JUDGE: SUSIE MORGAN |
| LIEBHERR MINING & CONSTRUCTION EQUIPMENT CO. | * | DIVISION "1" |
| * * * * * * * * * | * | MAGISTRATE: SALLY SHUSHAN |

**HAMP'S ENTERPRISES, L.L.C.'S MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT**

MAY IT PLEASE THE COURT:

Hamp's Enterprises, L.L.C. ("Hamp's"), submits its memorandum in support of amended motion for leave to deposit funds as set forth below.

1.

On March 23, 2015, Hamp's sent, via certified mail, its request for waiver of service of the amended complaint ("Amended Complaint") (Rec. Doc 17) in the captioned matter to Deutsche Leasing USA, Inc. ("Deutsche"). Hamp's claims against Deutsche concern, in part, a lease between Hamp's and Deutsche ("Lease") for certain equipment ("Equipment") to be used on a construction project on which Hamp's is performing work.

2.

Pursuant to the Lease, Hamp's currently pays Deutsche $8,837.45 every month, which represents the monthly rental payments under the Lease for use of the Equipment.

3.

In the Amended Complaint, Hamp's requests that the Lease be declared void and unenforceable because the Lease is an accessory obligation to another agreement to which Hamp's seeks rescission in this lawsuit.

4.

In conjunction with the filing of the Amended Complaint, Hamp's requests that it be allowed to deposit $8,837.45 with the Court, on or before the 1st day of each month during the pendency of the claims set forth in the Amended Complaint rather than make these payments directly to Deutsche.

5.

In the event that Hamp's prevails in nullifying the Lease, the monthly rental payments will be returned to Hamp's; in the event Hamp's does not prevail, the payments may be released to Deutsche or as the Court so orders.

6.

Rule 67 of the Federal Rules of Civil Procedure allows Hamp's to deposit the monthly rental payments under the Lease with the Clerk of Court.

7.

Hamp's has requested consent of all defendants in the captioned matter to file this motion. Heavy Machines, Inc. and Liebherr Mining & Construction Equipment, Inc. do not object to Hamp's request. As of this date, Deutsche [EITHER has not responded to Hamp's request OR objects to Hamp's motion].

2

8.

Hamp's requests that it be granted leave of Court to deposit $8,837.45 each month with the Clerk of Court during the pendency of the captioned matter.

WHEREFORE, Hamp's Enterprises, L.L.C. prays that its *ex parte* motion for leave is granted, and that Hamp's be permitted to deposit $8,837.45 per month, representing amounts potentially owed under the lease between Deutsch and Hamp's, with the Clerk of Court of the Eastern District of Louisiana during the pendency of the captioned matter.

Respectfully submitted,

/s/ Jessica R. Derenbecker
Lloyd N. Shields (La. Bar No. 12022)
Jeffrey K. Prattini (La. Bar No. 30679)
Jessica R. Derenbecker (La. Bar No. 32425)
SHIELDS | MOTT L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Telecopy: (504) 581-4440

Attorneys for plaintiff,
   Hamp's Enterprises, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by CM/ECF, this ____ day of March, 2015.

/s/ Jessica R. Derenbecker

34403-39\Pleadings\Memo in Support.Amended Motion to Deposit.wpd

3