**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| HAMP'S ENTERPRISES, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>HEAVY MACHINES, INC., LIEBHERR MINING & CONSTRUCTION EQUIPMENT CO., AND DEUTSCHE LEASING USA, INC.<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 14-02501<br><br>SECTION "E"<br><br>JUDGE: SUSIE MORGAN<br><br>DIVISION "1"<br><br>MAG. SALLY SHUSHAN |

**DEUTSCHE LEASING USA, INC.'S OPPOSITION TO HAMP'S ENTERPRISES, L.L.C.'S AMENDED MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT**

NOW INTO COURT, through undersigned counsel, comes Deutsche Leasing USA, Inc. ("Deutsche"), for its Response in Opposition to Plaintiff, Hamp's Enterprises, L.L.C.'s ("Hamp's") Amended Motion for Leave to Deposit Funds Into Court [Doc. No. 24], and states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Hamp's filed its original Complaint in this action on October 30, 2014.

2. On March 18, 2015, Hamp's filed its Ex Parte/Consent Motion for Leave to File an Amended Complaint naming Deutsche as a defendant. On the same day, prior to being granted leave to file its Amended Complaint, Hamp's also filed an Ex Parte/Consent Motion for Leave to Deposit Funds into Court. [Doc. No. 15].

3. Hamp's original Motion for Leave to Deposit Funds into Court, without notice to Deutsche and without citing any applicable law whatsoever, sought to deprive Deutsche of all

lease payments it is entitled to pursuant to a certain lease (the "Lease") for a Liebherr R946 Track Excavator (the "Equipment") during the pendency of this action.

4. On March 20, 2015, this Court granted Hamp's leave to file an Amended Complaint, which Hamp's filed that same day.

5. Also on March 20, 2015, this Court denied Hamp's original Motion for Leave to Deposit Funds into Court, without prejudice, acknowledging that the motion was inappropriate absent notice to Deutsche or service of the Amended Complaint upon it. The Court indicated that Hamp's may re-urge the motion after Deutsche has been served with the Amended Complaint and a copy of the motion. [Doc. No. 18].

6. In its Amended Complaint, Hamp's requests that the Lease be declared void and unenforceable because the Lease is allegedly an accessory obligation to the purchase agreement ("Purchase Agreement") for the Equipment between Deutsche and Heavy Machines, Inc., and as lessee to the accessory contract, Hamp's claims it is entitled to seek rescission of the Purchase Agreement due to the Equipment's alleged redhibitory defects.

7. After Deutsche waived service of summons for the Amended Complaint, on April 14, 2015, Hamp's filed its Amended Motion for Leave to Deposit Funds into Court (the "Amended Motion"), and accompanying Memorandum in Support thereof. [Doc. No. 24].

8. Pursuant to the Lease, Deutsche is entitled to receive $8,837.45 per month from Hamp's via wire transfer or check at its business address located at 190 South LaSalle Street Suite 2150, Chicago, Illinois 60603. A true and correct copy of the Master Lease Agreement and related Lease Schedule No. 001 are attached hereto as *Exhibit 1*.

9. Paragraph 30 of the Lease expressly provides that the Lease is governed by Illinois law, without giving effect to conflicts of law principles. *Id.* at ¶ 30.

## LEGAL STANDARDS

10. Hamp's Amended Motion cites Rule 67 of the Federal Rules of Civil Procedure and incorrectly asserts that it allows Hamp's to deposit the monthly rental payments due under the Lease with the Clerk of Court without even referring to the text of the rule or any case law interpreting it.

11. Instead, Hamp's cites the Louisiana Civil Code and two Louisiana state law cases, which have no bearing whatsoever on Hamp's request to deposit its lease payments with the Court and deal only with extinguishment of accessory obligations. As set forth therein, the Lease is governed by Illinois law.

12. Rule 67 of the Federal Rules of Civil Procedure provides, in part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

FED. R. CIV. P. 67(a).

13. "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007).

14. Rule 67 exists to create a place to keep disputed funds safe until the dispute has been resolved and may not be used as "a means of altering the contractual relationships and legal duties of each party." *Prudential Ins. Co. v. BMC Indus.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986).

15. The Rule "is not intended to allow a party to deposit monies into court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment." *AC-*

*Berwick Transporters, Inc. v. Sendell*, 176 N.J. Super. 339, 341 (1980); *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. 1963).

16. "Cases construing Rule 67 are not numerous." *Dinkins*, 214 F. Supp. at 282. However, as the court in *Dinkins* explained, "[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a [party] an opportunity to deprive [the other party] both of the benefits of his contract and of a right of action for its breach." *Dinkins*, 214 F. Supp. at 283; *see also Russian Collections, Ltd. v. Melamid*, No. 2:09-CV-300, 2009 WL 1625296, at *1-2 (S.D. Ohio June 5, 2009) (quoting *Dinkins*, and noting that "Except for the posture of the parties, [the plaintiff's] Rule 67 motion finds itself in an almost indistinguishable situation from the one in *Dinkins*. Similarly to the defendants in *Dinkins*, [the plaintiff] is attempting to deprive [the defendant] of both the benefits of his contract and a right of action for its breach. Rule 67 may not be used for this purpose.") attached hereto as Exhibit "2."

**ARGUMENT**

17. Rule 67 literally has no application to this action. Hamp's is not seeking a money judgment against Deutsche or seeking to relieve itself of responsibility over a sum of money.

18. As in *Dinkins* and *Russian Collections, Ltd.*, rather than take the step logically consistent with its asserted right to rescission – to cease payment under the Lease – Hamp's is attempting essentially "to hedge its bet on the outcome" but "to defer decision, and by depositing the money in the court, to preserve all its rights under the [Lease] and to avoid the risk of a breach of [Lease] on its part if its position should turn out to be wrong." *Dinkins*, 214 F. Supp. at 283.

19. The Lease requires payment to be made directly to Deutsche by wire transfer or check to its principal office in Chicago, Illinois. *Exhibit 1*, at ¶ 4. Non-payment of rent to Deutsche in such a manner constitutes a default under the Lease. *Id.* at ¶ 16(a). Hamp's Amended Motion requests that this Court excuse its obvious anticipatory and actual breach of the Lease by not makings its rentals payments in the manner prescribed pending the outcome of its claim for rescission.

20. "The result, of course, would be to deprive [Deutsche] of the use of the money pending the final determination of this action, even though the final determination may be that [Deutsche] … was entitled to the money all along." *Dinkins*, 214 F. Supp. at 283.

21. Hamp's has proffered no authority which would authorize the request in its Amended Motion, and the scant citations to Louisiana law have no application to the instant dispute between it and Deutsche, as the Lease at issue is plainly governed by Illinois law. *See Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1058-60 (5th Cir. 1982) (noting that choice-of-law provisions are presumed valid, particularly in commercial transactions, and it is not against Louisiana's law or public policy for parties to a commercial contract to adopt a different state's law with the effect of limiting or eliminating causes of action that would otherwise be available under Louisiana law).

22. As more fully set forth in Deutsche's Affirmative Defenses and Counterclaim filed concurrently herewith, Hamp's has no right to rescission of the Lease because it is a non-cancelable lease. Hamp's has disclaimed ***all*** warranties of condition, merchantability, fitness for any particular purpose, or any other alleged defects in the Equipment pursuant to the clear, conspicuous, and unequivocal waivers of all warranties set forth in the Lease. *Exhibit 1*, at ¶¶ 5, 12.

23. Should Hamp's stop making its Lease payments, it would constitute another breach of the Lease for which Deutsche is entitled to exercise its rights to seek all remedies for breach due to non-payment.

24. Rule 67 is not designed to afford to Hamp's an opportunity to attempt to deprive Deutsche both of the benefits of the Lease and of its right to a cause of action against Hamp's for its breach. Hamp's Amended Motion should be denied.

WHEREFORE, Deutsche Leasing USA, Inc. prays that this Court deny Hamp's Enterprises, L.L.C.'s Amended Motion for Leave to Deposit Funds into Court and for any further relief as this Court deems proper.

Respectfully submitted,

DEUTSCHE LEASING USA, INC.

By: s/ Leann Opotowsky Moses
Leann Opotowsky Moses (#19439)
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
moses@carverdarden.com

By: s/ Vincent T. Borst
Vincent T. Borst
*Pro Hac Vice* (IL Bar No. 6192904)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 782-9000
Facsimile: (312) 782-6690
vborst@rsplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2015, a copy of the foregoing **DEUTSCHE LEASING USA, INC.'S RESPONSE TO HAMP'S ENTERPRISES, L.L.C.'S AMENDED MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT** was filed electronically with the United States District Court for the Eastern District of Louisiana. Service of this filing will be made on all CM/ECF-registered counsel by operation of the Court's electronic filing system as follows:

Lloyd Noble Shields
LNS@shieldsmott.com
Jeffrey Kenneth Prattini
jkp@shieldsmott.com
Jessica R. Derenbecker
jrd@shieldsmott.com
Shields Mott LLP (New Orleans)
650 Poydras Street, Suite 2600
New Orleans, LA 70130
***Attorneys for Hamp's Enterprises, L.L.C.***

George Davidson Fagan
gfagan@leakeandersson.com
Alex P Tilling
atilling@leakeandersson.com
Leake & Andersson, LLP (New Orleans)
Energy Centre
1100 Poydras St.
Suite 1700
New Orleans, LA 70163-1701
***Attorneys for Heavy Machines, Inc.***

James M. Garner
jgarner@shergarner.com
John T. Balhoff, II
jbalhoff@shergarner.com
Joshua P. Clayton
jclayton@shergarner.com
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112-1033
***Attorneys for Liebherr Mining & Construction Equipment Co.***

By: s/ Leann Opotowsky Moses

4852-2653-6484, v. 1