UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| HAMP'S ENTERPRISES, L.L.C. | * | CIVIL ACTION NO.14-02501 |
|---|---|---|
| VERSUS | * | SECTION "E" |
| HEAVY MACHINES, INC., | * | JUDGE: SUSIE MORGAN |
| LIEBHERR MINING & CONSTRUCTION EQUIPMENT CO. | * | DIVISION "1" |
| *  *  *  *  *  *  *  * | | MAGISTRATE: SALLY SHUSHAN |

**HAMP'S ENTERPRISES, L.L.C.'S REPLY MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT**

MAY IT PLEASE THE COURT:

Hamp's Enterprises, L.L.C. ("Hamp's") submits its reply memorandum to Deutsche Leasing USA, Inc.'s ("Deutsche") opposition (Rec. Doc. 37) to Hamp's amended motion for leave to deposit funds ("Motion").

## LAW AND ANALYSIS

**A.  Rule 67 Requests Are Fact-Intensive And Are Determined on a Case-By-Case Basis**

Deutsche cites to fact-intensive cases, none of which apply to the specific facts of this case, to argue that Hamp's Motion's should be denied. But, the court has vast discretion to determine whether to grant Hamp's Motion to deposit funds pursuant to Fed. R. Civ. Proc. 67. Each motion is decided on a case-by-case basis.[1] Generally, where the amount to be deposited is a sum certain,

---

[1] *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

and the only dispute is to entitlement to the funds deposited, then deposit is allowed.[2] If the amount is contested, then deposit may be denied.[3] Additionally, courts have determined that the dispute over the funds should be "live."[4]

Deutsche's opposition alleges that the Hamp's Motion to deposit payments under the Deutsche/Hamp's lease ("Lease") with the Court is simply a tactic to avoid Hamp's payment obligations under that Lease. Deutsche also argues that the facts of this case do not entitle Hamp's to the requested relief. But Hamp's motion is not a tactic at all, and the underlying principles in the cases cited by Deutsche support granting Hamp's motion. While the facts in the cases cited by Deutsche ultimately led the courts to deny deposits with the court, the principles and law applied in those cases, and in other cases, supports Hamp's Motion.

B.  **Hamp's Motion Seeks to Protect the Funds During Litigation**

Hamp's Motion preserves the status quo while the issues in this litigation are pending before this Court. Hamp's request falls under the purpose of Rule 67. For example, in *Cajun Electric Power Cooperative, Inc. v. Riley Stoker Corp.*, the district court allowed the defendant to deposit funds into the court which secured an arbitration award that the defendant owed the

---

[2]  *See CASCO, Inc. v. John Deere Construction Company & Forestry Company*, 293 F.R.D. 99 (D. Puerto Rico Aug. 1, 2013).

[3]  *See Saw Mill Broadcasters, Inc. v. Moore*, 561 F. Supp. 1139 (S.D.N.Y. Apr. 15, 1983).

[4]  *See Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113-14 (1st Cir. 2007).

2

plaintiff.[5] The Fifth Circuit upheld the trial court's ruling, finding the facts of the case squarely within the purpose of Rule 67:

> The rule's purpose is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it. We have suggested that an actual deposit of funds pursuant to the rule may stop the accrual of interest pending a final resolution of the rights of the parties with respect to the fund.[6]

Therefore, Rule 67 exists to allow a litigant to protect parties' prospective interest to a certain sum of money while the merits of the case is being decided.

### C.  The Existence of the Lease and Payments Thereunder Does Not Refute Hamp's Request

Deutsche also alleges that because there is currently a contract between Hamp's and Deutsche (the Lease) that Hamp's cannot avail itself of Rule 67 in order to avoid breach of the Lease for nonpayment. The fact that a Lease exists between Hamp's and Deutsche does not negate Hamp's motion. In *Saw Mill Broadcasters, Inc. v. Moore*, a case arising out of the Southern District of New York, a lessee requested that it be allowed to deposit rent payments with the court instead of making payments to the assignee of the lessor's interest.[7] Although the district court declined the lessee's request to deposit the payments, the district court did not dispose of the lessee's request on the grounds that the lessee was trying to avoid its contractual obligations.[8] Rather, the court denied the request to deposit funds because it determined that a setoff could

---

[5]  *Cajun Electric*, 901 F.2d at 445 .

[6]  *Id*. at 444-45.

[7]  561 F. Supp. 1139 (S.D.N.Y. Apr. 15, 1983).

[8]  *See id*. at 1141.

3

possibly result, which would allow a credit of the paid lease payments against the damages requested.[9]

### D. The Deposited Funds Are a Sum Certain, And Only Entitlement Is at Issue

Further, the fact that the Lease payments comprise a certain sum weighs in favor of granting Hamp's motion.[10] If Hamp's prevails on the merits at trial, Deutsche will not be entitled to receive Lease payments - - and Hamp's will be entitled to recoup all funds paid to the Court (and not have to seek a judgment against Deutsche to recover those payments). Under the vast cases where courts apply their discretion to grant a Fed. R. Civ. Proc. 67 request, ownership of the funds is a key factor - - a factor that supports Hamp's motion.[11] If Hamp's prevails on the merits, it will effectively own the Lease payments.

Hamp's requests that it be authorized to deposit sum certain Lease payments because the dispute between and Deutsche concerns a genuine issue of entitlement to the Lease payments. Because the Lease is an accessory obligation of to the sale being rescinded in the Complaint, Hamp's will be entitled to a return of the amount paid to Deutsche. Thus, unlike the *Saw Mill* case, there will be no need for the Court to determine how to split the funds. Simply put, ownership of the funds is in dispute, not the amount. Rule 67 also requires that the dispute over

---

[9] *Id.*

[10] *See CASCO, Inc. v. John Deere Construction Company & Forestry Company*, 293 F.R.D. 99 (D. Puerto Rico Aug. 1, 2013).

[11] *See, e.g., Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987); *See also Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113-14 (1st Cir. 2007); *Nankin v. Beverly Enterprises-Wisconsin, Inc.*, 774 F. Supp. 540 (E.D. Wis. Sept. 24, 1991).

the funds be a "live" dispute.[12] This dispute is certainly "live." Hamp's is making the Lease payments on a monthly basis.

### E. Hamp's Motion Is Not to Avoid Payment

Deutsche alleges that Hamp's filed its motion simply to avoid its obligations under the Lease and evade payment. But Hamp's Motion requests that the Lease payments be deposited with the Court until the merits of Hamp's claims against HMI and Liebherr, which directly affect the validity of the Lease, are decided.[13] Status quo will remain. If Hamp's prevails, then Hamp's owns the Lease payments, and it may receive them back from the Court. Judicial economy is thereby preserved because Hamp's will not be required to execute a judgment against Deutsche and wait for Deutsche to satisfy such a judgment. The judgment would be secured with the funds that Hamp's is currently paying. And, Deutsche will suffer no prejudice.

---

[12] *See Alstom Caribe*, 484 F.3d at 113.

[13] *See Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

## CONCLUSION

Hamp's requests leave of Court so that it may deposit $8,837.45 per month, representing funds whose ownership is in dispute, with the Clerk of Court of the Eastern District of Louisiana during the pendency of the captioned matter. This Court's discretionary powers allow Hamp's request to be granted.

Respectfully submitted,

/s/ Jessica R. Derenbecker
Lloyd N. Shields (La. Bar No. 12022)
Jeffrey K. Prattini (La. Bar No. 30679)
Jessica R. Derenbecker (La. Bar No. 32425)
SHIELDS | MOTT L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 581-4445
Telecopy: (504) 581-4440

Attorneys for plaintiff,
   Hamp's Enterprises, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by CM/ECF, this 2nd day of June, 2015.

/s/ Jessica R. Derenbecker